FLEMING, Administrator of the Wage and Hour Division, United States Department of Labor, v. G & C NOVELTY SHOPPE, Inc.

No. 2018.

District Court, N. D. Illinois, E. D.
Nov. 12, 1940.

**830**

Alex Elson, Regional Atty., and Lee K. Beznor, both of Chicago, Ill., Atty., Wage and Hour Division, and Gerard D. Reilly, Sol., and Irving J. Levy, Asst. Sol., U. S. Department of Labor, both of Washington, D. C., for petitioner.

Irvin Robbins and Warren Canaday, both of Chicago, Ill., for respondent.

IGOE, District Judge.

This is an application of the Administrator of the Wage and Hour Division for an order to compel the respondent to attend, testify and produce certain documentary evidence in accordance with a subpoena duces tecum. The application shows that the respondent is engaged in the production of embroidered needlework and that it ships and delivers goods produced by its employees to Fixler Brothers, Incorporated, doing business in Chicago, Illinois, who ships such goods to various stores and outlets located without the State of Illinois. It was contended by counsel for the respondent that it was not engaged in interstate commerce or in the production of goods for interstate commerce and therefore the Administrator has no authority to investigate the books and records of the respondent; and further, that the persons engaged in performing the needlework in their homes were not employees of the respondent.

If the Wage and Hour Division comes in the Court and makes a showing in its application that some activity is engaged in by the respondent or some operation which brings it within the purview of the Wage and Hour Law, 29 U.S.C.A. § 201 et seq., the Administrator is justified in going in and looking at the records, otherwise there would be no way to investigate whether such employers are violating the act. In the Andrews v. Montgomery Ward & Co. case, D.C.N.D.E.D. Ill., 30 F.Supp. 380, 387, affirmed Fleming v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384, certiorari denied Oct. 28, 1940, 61 S.Ct. 71, 85 L.Ed. —, it was contended that not all the employees of the employer were covered by the act and therefore the Administrator was not entitled to inspect these records. In that case the court held that the Administrator was entitled to see all of the records and that the "only reasonable method of investigation open to the Government is to have all the records so that the Administrator may determine for himself who are covered and who are not."

It is also noted that homeworkers may be here involved. The most distressing conditions about labor have to do with homework. In some sections there are poor people, wretchedly poor people, who are engaged in homework with no supervision over them at all. They ought to be more protected than those who are organized.

I will enter an order in this case in accordance with this opinion.